UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRECISION SHOOTING EQUIPMENT, INC.,
a Delaware corporation,

    Plaintiff,

                                                                Case No. 8:00-CV-450-T-17-TGW

vs.

GOLDEN EAGLE INDUSTRIES, LLC,
et al.,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION TO DEFER DEADLINE FOR RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

       This cause comes before this Court on motion (Dkt. N. 86) by Plaintiff, Precision Shooting Equipment, Inc., to strike the motion for partial summary judgment filed by Defendants, Golden Eagle Industries, LLC (Dkt. N. 81), and on Plaintiff's incorporated motion to defer the deadline for responding to Defendant's motion for partial summary judgment. For the reasons set forth below, PSE's motion to strike is **DENIED**, and its motion to defer the deadline for response is **GRANTED**.

**I. BACKGROUND**

1

CASE NO. 8:00-CV-450-T-17-TGW

This case has just passed it's fifth anniversary, with the original complaint having been filed on March 6, 2000 (Dkt. N. 1). It's history shows numerous motions and orders on various subjects, none of which seem to be moving the parties closer to any resolution. A full recitation of the facts of the case does not seem to be warranted in ruling on the present motion, though an understanding of more recent procedural history is important.

The general rule for considering various kinds of motions it to accept well-pled facts in the light most favorable to the non-moving party, and the Court sees no reason to depart from that approach here. *See e.g. Littell v. United States*, 191 F. Supp. 2d 1338, 1339 (M.D. Fla. 2002) (observing that all well-pled facts must be construed in the light most favorable to the plaintiff when considering a motion to dismiss); *Carlson Corp./Southeast v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518 (M.D. Fla. 1991) (holding that, when deciding a motion to strike, a court must accept the truthfulness of well-pled facts and "cannot consider matters beyond the pleadings").

As the key facts in dispute with regard to the present motions relate to deadlines set and later amended in various orders issued by this Court, the Court notes that the parties agreed to an earlier recitation of those deadlines in a *joint* motion to amend the case managment and scheduling order then in effect. (Dkt. N. 70). In that motion, the parties jointly recited the progress of the case to that point as follows:

> 1. A preliminary pretrial and scheduling conference was held by this Court on Tuesday, September 9, 2003 in the above-captioned case.
> 2. During such conference, counsel for both parties indicated that each party intended to file a summary judgment motion.
> 3. In response to these representations, on October 7, 2003, this Court entered a Scheduling Order to govern the remaining deadlines in this case (the Scheduling Order) [Dkt. N. 42]. The Scheduling Order provides for a two-phase discovery schedule. The first-phase has been completed and resulted in summary judgment motions filed by both Plaintiff and Defendant Charles Palmer.
> 4. With respect to the second-phase of discovery, the Court's Scheduling Order provides: [s]hould the Court deny Defendant Palmer's summary judgment motion relative to alleged inducement to infringe, the parties shall have three months following the date of the Court's Ruling on the summary judgment motions to complete discovery of any third party witnesses and expert witnesses relative to Defendant Palmer's affirmative defense and/or counterclaims of patent

> invalidity, patent unenforceability, or limitation of damages. (Scheduling Order at 5.)
>
> 5. On September 10, 2004, this Court entered an Order denying Defendant Charles Palmer's Motion for Summary Judgment (Dkt. No. 64). Subsequently, on September 29, 2004, the Court entered an Order denying Plaintiff s Motion for Partial Summary Judgment and Defendant Charles Palmer's Cross-Motion for Summary Judgment on Infringement (Dkt. No. 65).
>
> 6. On or about October 4, 2004, Defendants moved the Court to enter an Order clarifying that paragraph 5 of the Court s Scheduling Order should be construed to mean that the parties have three months from September 29, 2004 to complete the discovery contemplated in paragraph 5 of the Scheduling Order (Dkt. No. 66).
>
> 7. On October 5, 2004, the Court entered an Order confirming that the parties have three months from September 29, 2004 to complete the discovery contemplated in paragraph 5 of the Scheduling Order (Dkt. No. 67).

In response to the parties' joint request that the Court extend the time in which to complete discovery on various remaining matters, this Court entered an order granting the joint motion with the jointly requested deadlines, and declared the following:

> 1. By February 15, 2005, the parties shall complete discovery of any third-party witnesses, expert witnesses and related documents.
>
> 2. By February 15, 2005, the parties shall complete discovery related to any remaining issues apart from those issues addressed in the summary judgment motion already ruled upon by the Court . . . .

(Dkt. N. 71). Despite this joint motion, and the Court's willingness to agree with the parties' recitation of deadlines and request for extension, the parties now return to the Court in a dispute over deadlines.

In particular, Plaintiff now asserts that one paragraph of the first scheduling order remains in force and unaffected by any later action, and that the deadline for all summary judgment motions remained January 31, 2004. (Dkt. N. 86, citing Dkt. N. 42). The disputed language reads as follows: "By January 31, 2004, the parties will have filed all summary judgment motions that they intend to file." (Dkt. N. 42).

The Court finds it somewhat ironic that the Defendants' motion for partial summary judgment is based on the doctrine of laches, asserting that "PSE's delay in commencing this

CASE NO. 8:00-CV-450-T-17-TGW

action was unreasonable" (Dkt. N. 81), and that the Plaintiff's motion to strike similarly asserts that Defendants' motion "comes much too late" according to deadlines set by this Court in its scheduling order (Dkt. N. 42).

## II. STANDARD OF REVIEW

A motion to strike a motion is not included within the usual understanding of a motion to strike as contemplated in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f). In fact, this Court has observed previously that the Federal Rules allow striking "from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and that "[a] motion is not a pleading, and this a motion to strike a *motion* is not proper" under Rule 12(f). *Weiss v. PPG Indus., Inc.*, 148 F.R.D. 289, 291–292 (M.D. Fla. 1993) (quoting Fed. R. Civ. P. 12(f) (emphasis as included in cited case).

However, as the Court did not reject Plaintiff's current motion outright, allowed filing by Defendants of a memorandum in opposition, and because of a strong policy of resolving issues on their merits rather than on procedural technicalities, the Court will turn now to considering the present motion.

When considering a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure, courts must remember that a motion to strike is a drastic and disfavored remedy, and that such motions will usually be denied. *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962).

## III. DISCUSSION

As the present action is both a motion to strike and a motion to defer a deadline for filing a response, those requests will be considered separately.

**A.**     **Motion to Strike**

CASE NO. 8:00-CV-450-T-17-TGW

Plaintiff asserts that Defendants' motion for partial summary judgment of laches should be barred for not having been filed prior to January 31, 2004. (Dkt. N. 86). Plaintiff relies, primarily, on a single sentence in a scheduling order that has since been amended several times. *See supra*, Pt. II. Plaintiff asserts that the Court's statement in that order, that the parties "will have filed all summary judgment motions they intend to file" by January 31, 2004, should be read as precluding the filing of any summary judgment motions after that date, and understood as not having been affected in any way by later amendments to the scheduling order. (Dkt. N. 86).

Defendants' assert, conversely, that Plaintiff's motion "distorts the record in this case and ignores" a portion of a case management report, "mischaracterizes three prior Orders of this Court," "defies common sense," "seek[s] to confound the prior Orders of this Court," "passes over [a] critical fact," seeks to "have it both ways," and that "[i]t would be manifestly unjust and highly prejudicial to Defendants for [Plaintiff] to be allowed to use its tortured construction of the Court's Order" to limit discovery and preclude additional motions. (Dkt. N. 87).

The Court, though unmoved by Defendants' plaintive cry for relief, notes that the deadline set in this case for motions parties "intend" to file cannot preclude the possibility of motions arising only after discovery scheduled to occur after that date reveals additional facts sufficient to support a motion for summary judgment on grounds either not contemplated or known at the earlier date. While the parties were, in fact, bound by the Court's earlier order requiring filing by that date of all motions for summary judgment they then intended to file, the Court's language cannot be understood, especially in light of the later amendments to the scheduling order and provision for discovery on other matters, to preclude additional filings before later, jointly agreed, deadlines.

As Defendants' motion for partial summary judgment on laches apparently arose from facts discovered pursuant to the granted joint motion to amend the case management scheduling order, and was filed prior to the deadlines contained therein, Plaintiff's motion to strike is DENIED.

**B.     Motion to Defer Deadline for Responding to Motion for Summary Judgment**

5

CASE NO. 8:00-CV-450-T-17-TGW

Both Plaintiff's current motion and Defendants' response assert they were filed pursuant to Local Rule 3.01. Given the long history of this case and the parties' demonstrated reluctance to agree even on what they say they agree on, it would seem unfair to hold them accountable in this action to that provision of Local Rule 3.01 requiring a moving party to confer in good faith with opposing counsel and "file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." Local Rule 3.01(g). Nor would it seem fair at this juncture to allow Defendant's motion for summary judgment to stand unanswered, despite Plaintiff's failure to comply with the requirement in the local rules that an opposing party file and serve within ten day "a brief or legal memorandum with citation of authorities in opposition to the relief requested." Local Rule 3.01(b). Since the Court has decided to consider the motion for summary judgment on laches, and consistent with its policy that merits should determine outcomes more than technicalities, Plaintiff's motion to defer the deadline to respond is granted. Plaintiff shall file the required memorandum in opposition to Defendants' motion for summary judgment within ten days of this order.

This case continues to present a unique set of scheduling challenges and procedural efforts on the part of both Plaintiff and Defendants, and the Court's indulgence with regard to the present motions should not be understood as anything other than the goodwill of the Court in this particular case. All parties who appear before this Court are admonished to remember the Eleventh Circuit's declaration that "[d]eadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he [or she] has carte blanche permission to perform when he [or she] desires." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). Accordingly, it is

**ORDERED** that Plaintiff's motion to strike is **DENIED**, and Plaintiff's motion to defer the deadline for responding to Defendants' motion for summary judgment on laches is

6

CASE NO. 8:00-CV-450-T-17-TGW

**GRANTED**, and a response to the motion for summary judgment on laches shall be filed within ten days.

      **DONE and ORDERED** in Chambers in Tampa, Florida, on this 25nd day of April, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record