**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRECISION SHOOTING EQUIPMENT,
INC., a Delaware corporation,

    Plaintiff,

v.                                                    CASE NO. 8:00-450-CIV-T-17TGW

GOLDEN EAGLE INDUSTRIES, LLC, a
Delaware limited liability company; THE
NORTH AMERICAN ARCHERY GROUP,
LLC, a Delaware limited liability company;
And CHARLES L. PALMER, and individual
Resident in Florida,

    Defendants.
_____/

## ORDER

This case is before the Court on Defendant's Motion for Partial Summary Judgment of Laches (Docket No. 81) and response thereto (Docket No. 117) and Defendant's Rule 42(b) Motion to Bifurcate (Docket No. 118) and response thereto (Docket No. 121).

## BACKGROUND

David J. Nurney was issued two patents for archery equipment by the U.S. Patent and Trademark Office. U.S. Patent No. 4,739,744 was issued on April 26, 1988, and U.S. Patent No. 5,040,520 was issued on August 20, 1991. On September 19, 1994, Nurney assigned the patents to Precision Shooting Equipment, the Plaintiff. Despite having a similar name to an earlier established, but then defunct company, the two Defendant companies were created in 1995, and on November 8, 1996, they were informed of the Plaintiff's belief that they were infringing on the patents. The individual defendant, Charles L. Palmer, president of the two companies is alleged to have induced and encouraged the infringement of the patents as president of the companies. On March 11, 1997, the Defendant's legal council wrote a letter to the Plaintiff asking for more time to investigate the patents and the infringement claim.

## PROCEDURAL HISTORY

On March 6, 2004, Plaintiff, Precision Shooting Equipment, Inc., filed a complaint for patent infringement arising under 35 U.S.C. § 271 against Defendants, Golden Eagle Industries, LLC, The North American Archery Group, LLC, and Charles L. Palmer. The Defendants answered on October 24, 2000 with defenses and counterclaims, as well as a demand for jury trial. These counterclaims included that the patent was unenforceable, invalid, and not infringed.

CASE NO. 8:00-450-CIV-T-17TGW

Both Golden Eagle Industries and North American Archery Group have since declared bankruptcy which triggered an automatic stay as to all claims related to the companies. Therefore, the individual Defendant Charles L. Palmer is the only defendant addressed in this order.

## STANDARD OF REVIEW

When deciding a motion for summary judgment of laches, the court must determine that there are "no genuine issues of material fact, burden of proof of issue must be correctly allocated, and all pertinent factors must be considered." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1039 (C.A.Fed. Cal. 1992).

When deciding a motion for bifurcation, the court must follow Federal Rule of Civil Procedure 42(b) and not violate the seventh amendment. *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209 (C.A.Fed. Cal. 1987).

## DISCUSSION

The defense of laches is a matter for the discretion of the trial judge. The court in *A.C. Aukerman Co. v. R.L. Chaides Const. Co.* defined laches "as the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Aukerman* 960 F.2d at 1028-1029. Title 35 of the United States Code Annotated, pertaining to patents, states that "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C.A. § 286. This six year term limits the possible recovery to infringements that occur during the six years prior to the filing of the suit, and it does not preclude the laches defense from being used within a lesser number of years. *Aukerman* 960 F.2d at 1030. This term also provides for a presumption of laches if the plaintiff has waited more than six years from the time that she should have known of the infringement to the filing of the suit. *See General Electric Co. v. Sciaky Bros., Inc.*, 304 F.2d 724 (6th Cir. 1962). The patent owner can present evidence to rebut the presumption, by showing that either the delay was reasonable or the alleged infringer was not prejudiced by the delay.

CASE NO. 8:00-450-CIV-T-17TGW

In the instant case, the two Defendant businesses are involved in bankruptcy proceedings, and are therefore not addressed in this order. Under consideration is the motion for partial summary judgment of laches for the individual Defendant, Charles Palmer. Even if the Defendant's proposed presumption of laches is appropriate, material questions of fact exist concerning the reasonableness of the delay. It is unclear whether there was a greater than six year delay in filing a suit against the individual Defendant, because it has not be shown at what point in time the defendant should have been aware of Palmer's alleged infringement. Therefore, a question exists as to whether six years have passed, providing for a presumption of laches. Furthermore, the Plaintiff has shown that Defendants' legal council did request additional time to investigate the Plaintiff's claims of patent infringement in a 1997 letter. The Plaintiff was asked to delay in filing any suits for the Defendant's response to the claims. This creates a question of material fact of the reasonableness of the delay in filing the suit. Thus, the motion for summary judgment of laches fails.

Rule 42(b) of the Federal Rules of Civil Procedure states that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." Fed. R. Civ. P. 42(b). The decision to bifurcate is consigned to the discretion of the trial court. *Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F. Supp. 1090, 1091 (N.D.Ga. 1996). Though the court has the power to bifurcate, it is not a routinely made decision. *See THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 463(N.D.Ill.,1991). Bifurcation should only be granted when it enhances judicial economy and neither party is prejudiced by having separate trials. Fed. R. Civ. P. 42(b).

In the instant case, the Defendant's motion requests bifurcation for a separate trial to decide the enforceability of the patent. Judicial economy would not result from the proposed bifurcation because of the overlapping evidence and testimony that will be heard in both the defenses questioning the enforceability and validity of the patent. Both these defenses will require the inventor to testify about his influences while creating his invention, as well as any evidence showing any existing prior art. Bifurcation in this case would not result in an increase of judicial economy and convenience, and is not required to avoid prejudice to either party. Accordingly, it is

CASE NO. 8:00-450-CIV-T-17TGW

**ORDERED** that the Defendants' Motion for Partial Summary Judgment of Laches (Docket No. 81) be **DENIED** and the Defendant's Rule 42(b) Motion to Bifurcate (Docket No. 118) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 8th day of July, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record